UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANGEL FIGUEROA, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-CV-353-JMS-WGH |
| | ) | |
| CARRAWAY (Warden), | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Again Directing Further Proceedings**

**I.**

Angel Figueroa again repeats the mantra of his habeas petition and relies on the simple language of the Cook County Circuit Court's Order of August 28, 2012. The language of the Illinois trial court is this: "That all warrants, issued in this cause prior to the date of this Order, and in the possession of the police agency to whom they were issued for service, shall be returned to the office of the clerk of the Circuit Court."

The Court noted it is Entry of May 7, 2013, that Figueroa "equates this language with an order vacating or expunging the underlying conviction. But how this language can be understood as having that effect is not apparent." He has twice been given the opportunity to plausibly connect the trial court's action with an order vacating or expunging the underlying conviction. Otherwise, as has been explained, he "will not have stated a claim which would support his petition for habeas corpus relief."

Most recently, Figuera has introduced (for the first time) the subject that he had successfully completed probation in No. 97-cr-0152201 and that he had been sentenced under section 410 of the Illinois Controlled Substances Act (720 ILCS 570/410 (West 1992)). Pursuant

to this statute, when a first offender is sentenced to probation, the court defers "further proceedings in the case until the conclusion of the [probation] period or until the filing of a petition alleging violation of a term or condition of probation." 720 ILCS 570/410(b) (West 1992). If the terms and conditions of probation are fulfilled, "the court shall discharge the person and dismiss the proceedings against him." 720 ILCS 570/410(f) (West 1992). Accordingly, "discharge and dismissal under this Section is not a conviction for purposes of this Act." 720 ILCS 570/410(g) (West 1992). *See People v. Sherrod*, 664 N.E.2d 1066, 1070 (Ill.App. 1996).

Figuera has not shown that any of the features of 720 ILCS 570/410(b) (West 1992) apply to the prosecution in No. 97-cr-0152201. Even if he had, moreover, the language of the Illinois Circuit Court's Order of August 28, 2012, simply does not state that the court was vacating or expunging the underlying conviction in No. 97-cr-0152201. Recalling warrants issued to police agencies is a routine administrative task which, in the days before computer-based information sharing, allowed police agencies to purge their files of stale warrants. That situation typically arose when the warrant had been served by other agencies or when the warrant needed to be recalled because of some other event in the prosecution.

**II.**

Figuera shall have a third and final opportunity to show how the warrant recall Order of August 28, 2012, constituted an order vacating or expunging his conviction in No. 97-cr-0152201. He shall have **through September 5, 2013,** in which to do so.

IT IS SO ORDERED.

Date: 08/12/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Angel Figueroa
14503-424
Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808